IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MARTIN MOLIERI, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>COUNTY OF MARIN, et al.,<br><br>   Defendants.<br> / | No. C-10-5430 MMC<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT; GRANTING IN PART AND DENYING IN PART MARIN DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT; GRANTING IN PART AND DENYING IN PART SAN FRANCISCO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Before the Court are three motions, each filed March 2, 2012: (1) Motion for Partial Summary Judgment, filed by plaintiffs Danilo Martin Molieri ("Danilo") and Daniel Steven Molieri ("Daniel"); (2) Motion for Partial Summary Judgment, filed by defendants County of Marin, and Sergeant Jamie Scardina ("Sgt. Scardina"), Deputy Erik Richardson ("Deputy Richardson"), and Deputy Christopher Bondanza ("Deputy Bondanza") of the Marin County Sheriff's Office (collectively, "Marin Defendants"); and (3) Motion for Summary Judgment, filed by defendants City and County of San Francisco, and Sergeant James O'Malley ("Sgt. O'Malley") and Sergeant Raymond Cox ("Sgt. Cox") of the San Francisco Police Department (collectively, "San Francisco Defendants"). The motions have been fully briefed. Having read and considered the papers filed in support of and in opposition to the motions, the Court rules as follows.[1]

---

[1] By order filed April 5, 2012, the Court took the matters under submission.

**A. Plaintiffs' Motion for Partial Summary Judgment**

    **1. First Cause of Action ("Violation of 42 U.S.C. § 1983")**

        **a. Deputy Richardson and Sergeant Scardina: Probable Cause for December 8, 2009 Arrest**

Plaintiffs have failed to show that, as a matter of law, Deputy Richardson and Sgt. Scardina, who made the arrest with Deputy Richardson, are not entitled to qualified immunity with respect to plaintiffs' claim that said officers, on December 8, 2009, lacked probable cause to arrest Danilo for violation of California Penal Code § 273.6(a), which statute prohibits knowing violations of the terms of a restraining order. First, it is undisputed that, on December 7, 2009, Deputy Richardson served Danilo with a restraining order and that Danilo knew he was served with a restraining order (see Burris Decl., filed March 2, 2012, Ex. A at 79-80, Ex. 1 to Ex. A, Ex. B at 217); contrary to plaintiffs' argument, Deputy Richardson, for purposes of notice, was not required to read the terms of the order to Danilo. See People v. Poe, 236 Cal. App. 2d Supp. 928, 939 (1965) (holding, to support conviction for willful violation of court order, proof of knowledge of terms thereof established by "evidence that [defendant] was personally served with the order, and . . . knew that fact"). Second, the evidence is undisputed that, prior to any officer's arrival at the residence located at 2001 Pierce Street, Apartment 28, San Francisco, California (hereinafter, "the residence"), "T.W.," the woman named in the instant restraining order, had reported to Deputy Richardson, that after service thereof on Danilo, Danilo had emailed and telephoned her (see Brewer Decl., filed March 16, 2012, Ex. A at 103-04, 130), both of which acts violated the terms of said restraining order (see Burris Decl., filed March 2, Ex. 1 to Ex. A).[2]

//

---

[2] To the extent plaintiffs suggest Danilo could not be arrested for such offense in the absence of an arrest warrant, plaintiffs are incorrect; an arrest warrant is not required by federal law where probable cause exists. See Barry v. Fowler, 902 F.2d 770, 772-73 (9th Cir. 1990) (holding plaintiff alleging claim under § 1983 failed to establish unlawful arrest where officer had probable cause to believe plaintiff had committed misdemeanor outside officer's presence; observing state law "requirement that a misdemeanor must have occurred in the officer's presence is not grounded in the Fourth Amendment").

### b. Sergeant O'Malley and Sergeant Cox: Probable Cause for December 8, 2009 Detention/Arrest

Plaintiffs have failed to show that, as a matter of law, Sgts. O'Malley and Cox are not entitled to qualified immunity with respect to plaintiffs' claim that said officers, without probable cause, "effectively arrested" Danilo on December 8, 2009 prior to the arrival of the Marin Defendants. (See Pls.' Mot. at 13.) First, the San Francisco Defendants have offered evidence that would support a finding that Sgt. O'Malley reasonably believed a warrant for Danilo's arrest had been issued. (See Gerchow Decl., filed March 16, 2012, Ex. A at 21, 29). Next, plaintiffs themselves have submitted evidence that would support a finding that Sgt. Cox reasonably believed Deputy Richardson had probable cause to believe Danilo had violated the terms of a restraining order. (See Burris Decl., filed March 2, 2012, Ex. D at 50).

### c. Sergeant O'Malley and Sergeant Cox: December 8, 2009 Entry

Plaintiffs have failed to show that, as a matter of law, Sgts. O'Malley and Cox are not entitled to qualified immunity with respect to plaintiffs' claim that said officers, irrespective of whether they had probable cause to arrest Danilo, violated the Fourth Amendment by entering the residence on December 8, 2009.

In Bumper v. North Carolina, 391 U.S. 543 (1968), the Supreme Court held "there can be no consent" where "that 'consent' has been given only after the [officer] has asserted that he possesses a warrant" he does not in fact possess. See id. at 548. Here, although it is undisputed that no warrant to arrest Danilo existed (see Burris Decl., filed March 2, 2012, Ex. A at 132), and that either Sgt. O'Malley or an officer in his immediate presence advised Danilo a warrant did exist and was being brought to the residence (see id. Ex. B at 272; Gerchow Decl., filed March 16, 2012, Ex. C at 30), there is a triable issue as to whether Sgt. O'Malley reasonably but mistakenly believed a warrant existed (see Burris Decl., filed March 2, 2012, Ex. D at 50, 115-16; Gerchow Decl., filed March 16, 2012, Ex. B at 21-22, 29-30); cf. Hunter v. Bryant, 502 U.S. 224, 228-29 (1991) (holding, with respect to claim plaintiff was arrested without probable cause, law enforcement officer

entitled to qualified immunity if officer "err[s]" in determining probable cause existed, but his "decision was reasonable, even if mistaken").

Next, although Sgt. Cox knew an arrest warrant did not exist (see Burris Decl., filed March 2, 2012 Ex. D at 50), plaintiffs have not met their initial burden to demonstrate that, at the time Sgt. Cox entered the residence, he did not reasonably believe the officers already inside had lawfully obtained consent to enter. See Huff v. City of Burbank, 632 F.3d 539, 549 (9th Cir. 2011) (holding officers entitled to qualified immunity, where they reasonably but mistakenly believed other officers who earlier entered residence had consent), rev'd on other grounds, 132 S. Ct. 987 (2012). Specifically, as to Sgt. Cox, plaintiffs have neither offered evidence to negate an element of the defense of qualified immunity nor shown that the San Francisco Defendants lack evidence to establish such defense. See Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F. 3d 1099, 1105-06 (9th Cir. 2000) (holding party seeking summary judgment meets initial burden by "produc[ing] evidence negating an essential element of the nonmoving party's case," or "[by] show[ing] that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial").

### d. Deputy Richardson and Sergeant Scardina: December 8, 2009 Entry

Plaintiffs have failed to show that, as a matter of law, Deputy Richardson and Sgt. Scardina are not entitled to qualified immunity with respect to plaintiffs' claim that, irrespective of whether they had probable cause to arrest Danilo, said officers unlawfully entered the residence to effectuate such arrest. Although Deputy Richardson and Sgt. Scardina did not have a warrant,[3] plaintiffs have not met their initial burden to show that at the time said officers entered the residence, they did not reasonably believe the San Francisco officers already inside the residence had lawfully obtained consent to enter. See

---

[3] "[F]or Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." Payton v. New York, 445 U.S. 573, 603 (1980).

Huff, 632 F.3d at 549; Nissan Fire & Marine Ins. Co, 210 F. 3d at 1105-06.

### e. Deputy Richardson and Sergeant Scardina: December 8, 2009 Seizure of Property

Plaintiffs have failed to show that, as a matter of law, Deputy Richardson and Sgt. Scardina are not entitled to qualified immunity with respect to plaintiffs' claim that said officers unlawfully seized Danilo's handguns. Plaintiffs have offered evidence that Sgt. Scardina, at some point while in the residence, asked Danilo where his guns were located, and that, after Danilo refused to provide a location, Deputy Richardson and Sgt. Scardina searched Danilo's bedroom, where they eventually located three guns in a closed drawer. (See Burris Decl., filed March 2, 2012, Ex. B at 276.) Given the absence of a search warrant, and any evidence offered to show Danilo consented to a search of his bedroom or that exigent circumstances existed, it would appear the seizure was unconstitutional. See Payton, 445 U.S. at 586 (identifying, as "basic principle of Fourth Amendment law," that "searches and seizures inside a home without a warrant are presumptively unreasonable"); see also Steagald v. United States, 451 U.S. 204, 211 (1981) (holding that, "in the absence of consent or exigent circumstances," search inside residence "is unreasonable under the Fourth Amendment unless done pursuant to a warrant"). Plaintiffs, however, have not met their initial burden with respect to qualified immunity, as plaintiffs have neither offered evidence to negate a finding that either Deputy Richardson or Sgt. Scardina reasonably but mistakenly believed the search for and seizure of the guns to be lawful, nor have plaintiffs shown the Marin Defendants lack evidence to establish such belief. See Nissan Fire & Marine Ins. Co, 210 F. 3d at 1105-06.

### 2. Second Cause of Action ("Violation of [California] Civil Code § 52.1")

Plaintiffs have failed to show it is undisputed that Sgts. O'Malley and Cox used "threats, intimidation, or coercion," see Cal. Civil Code § 52.1(a), to deprive plaintiffs of their Fourth Amendment Rights. Specifically, a triable issue exists as to whether Sgt. O'Malley used, or was in the immediate vicinity of an officer who used, intimidating and/or coercive tactics to obtain entry (see, e.g., Burris Decl., filed March 2, 2012, Ex. B at 272,

5

275, Ex. H at 28; Gerchow Decl., filed March 16, 2012, Ex. C at 38, Ex. F at 23, 38, Ex. G at 15, 30, 36-37), and plaintiffs have offered no evidence that Sgt. Cox engaged in any such conduct.

**B. Marin Defendants' Motion for Partial Summary Judgment**

    **1. First Cause of Action ("Violation of 42 U.S.C. § 1983")**

        **a. Sufficiency of Complaint**

The Marin Defendants are not entitled to summary judgment based on plaintiffs' failure to identify, in their complaint, the Fourth Amendment as the basis for their federal claims. First, a "challenge to the specificity of a complaint is properly raised only in a motion to dismiss." See Palmer v. Sanderson, 9 F.3d 1433, 1435 n.1 (9th Cir. 1993) (rejecting argument defendant entitled to summary judgment because § 1983 claim insufficiently pleaded). Second, to the extent the Marin Defendants may be arguing they lacked notice as to the constitutional basis of plaintiffs' claims, such argument is not persuasive, as plaintiffs' federal claims necessarily arise under the Fourth Amendment. See Picray v. Sealock, 138 F.3d 767, 770 (9th Cir. 1998) (holding "validity of an arrest must be analyzed under Fourth Amendment standards"); see also Graham v. Connor, 490 U.S. 386, 395 (1989) (holding "all claims" alleging police officers used excessive force in course of seizure of unincarcerated individual "[are] analyzed under the Fourth Amendment").

        **b. Deputy Richardson and Deputy Bondanza: Probable Cause for December 7, 2009 Arrest**

To the extent the First Cause of Action is based on a claim that Deputies Richardson and Bondanza unlawfully arrested Danilo without probable cause on December 7, 2009, the Marin Defendants have shown said deputies are entitled to summary judgment. In particular, the Marin Defendants have submitted undisputed evidence that, prior to said arrest, a bystander called 911 to report she had just witnessed a man hitting and punching a woman in a car and that he had tried to push the woman out of the vehicle (see Costello Decl., filed March 2, 2012, Ex. A); further, it is undisputed that,

1    when Deputies Richardson and Bondanza arrived at the scene, the bystander told Deputy
2    Richardson she had witnessed Danilo hit the woman "multiple times" (see Brewer Decl.,
3    filed March 2, 2012, Ex. B at 200-01); see also Devenpeck v. Alford, 543 U.S. 146, 152
4    (2004) (holding "warrantless arrest" is "reasonable under the Fourth Amendment where
5    there is probable cause to believe that a criminal offense has been or is being committed").

### c. Deputy Richardson and Sergeant Scardina: Lawfulness of December 8, 2009 Arrest

To the extent the First Cause of Action is based on a claim that Deputy Richardson and Sgt. Scardina unlawfully arrested Danilo on December 8, 2009, the Marin Defendants have not shown said officers are entitled to summary judgment. As discussed above, the Marin Defendants have offered undisputed evidence that Deputy Richardson served Danilo with a restraining order, and that the alleged victim reported to Deputy Richardson that Danilo had violated the terms of said order. As further discussed above, however, although probable cause existed to arrest Danilo on December 8, 2009, the Marin Defendants have not shown the absence of a triable issue as to the lawfulness of the entry into the residence at which such arrest was made.

### d. Deputy Richardson and Sergeant Scardina: December 8, 2009 Entry (Daniel's Standing)

To the extent the First Cause of Action is based on a claim that Deputy Richardson and Sgt. Scardina violated Daniel's Fourth Amendment rights by entering the residence on December 8, 2009, the Marin Defendants have failed to show said officers are entitled to summary judgment. First, the Marin Defendants have neither offered evidence to show Daniel lacked a reasonable expectation of privacy in the residence, nor have they demonstrated plaintiffs lack evidence to establish such expectation. See, e.g., Espinosa v. City and County of San Francisco, 598 F.3d 528, 533-34 (9th Cir. 2010) (holding evidence showing plaintiff had permission from leaseholder to stay in apartment sufficient to create triable issue of fact as to whether plaintiff had standing to challenge warrantless entry into apartment), cert. denied, 132 S. Ct. 1089 (2012); Nissan Fire & Marine Ins. Co, 210 F. 3d at 1105-66. Second, the Marin Defendants have failed to offer any evidence as to the

1  reason(s) Deputy Richardson and Sgt. Scardina entered the residence without a warrant,
2  nor have they shown plaintiffs cannot establish a lack of consent to such entry.  See Nissan
3  Fire & Marine Ins., 210 F.3d at 1106.

### 2. Third Cause of Action ("Intentional Infliction of Emotional Distress")

The Marin Defendants have failed to show they are entitled to summary judgment on the Third Cause of Action as brought on behalf of Daniel.[4]  Although the evidence is undisputed that Daniel was not threatened with arrest or touched by either Deputy Richardson or Sgt. Scardina (see Brewer Decl., filed March 2, 2012, Ex. E at 159-60, 162;[5] Burris Decl., filed March 16, 2012, Ex. J at 46-48), the Marin Defendants have not shown that, as a matter of law, Daniel was not subjected to "extreme and outrageous conduct." See Christensen v. Superior Court, 54 Cal. 3d 868, 903 (1991) (setting forth elements of intentional infliction of emotional distress).  In particular, as discussed above, the Marin Defendants have not shown plaintiffs cannot establish Daniel had an expectation of privacy, nor have they shown they indisputedly had legally cognizable consent to enter. See, e.g., Whren v. United States, 517 U.S. 806, 818 (1996) (describing warrantless entry into home as example of conduct that can be "unusually harmful to an individual's privacy or even physical interests").

### 3. Fifth Cause of Action ("Breach of Duty to Supervise, Train and Discipline")

#### a. Federal Claims

To the extent the Fifth Cause of Action asserts a Monell claim based on Danilo's having been arrested without probable cause on December 7, 2009, the Marin Defendants have shown the County of Marin is entitled to summary judgment, because, as discussed above, probable cause existed to support said arrest.  See Monell v. Dep't of Social Services, 436 U.S. 658, 691 (1978) (holding municipality may not be held liable under

---

[4]The Marin Defendants do not move for summary judgment on said claim as brought by Danilo.

[5]In her declaration, Renee Giacomini Brewer refers to excerpts from Daniel's deposition as Exhibit D; as correctly stated in the Marin Defendants' motion, however, the referenced deposition is Exhibit E.  (See Docket, Document No. 38, Attachments 9, 10.)

§ 1983 "unless action pursuant to an official municipal policy of some nature caused a constitutional tort").

To the extent the Fifth Cause of Action asserts a Monell claim based on the December 8, 2009 arrest, the Marin Defendants have not shown the County of Marin is entitled to summary judgment. Although Deputy Richardson and Sergeant Scardina had probable cause to arrest Danilo on that date, the Marin Defendants have not shown the absence of a triable issue as to the lawfulness of their entry into the residence to make such arrest.

To the extent the Fifth Cause of Action asserts a Monell claim based on any other alleged deprivation, the Marin Defendants have failed to show the County of Marin is entitled to summary judgment. Specifically, the Marin Defendants have neither offered evidence to demonstrate such claims lack merit, nor have they demonstrated that plaintiffs lack evidence to establish such claims. See Nissan Fire & Marine Ins. Co, 210 F. 3d at 1105-06. The Marin Defendants' conclusory assertion that plaintiffs "lack any evidence" (see Marin Defs.' Mot. at 10:24) is insufficient as a matter of law to meet their initial burden. See Nissan Fire & Marin Ins. Co., 210 F.3d at 1105 ("A moving party may not require the nonmoving party to produce evidence supporting its claim or defense simply by saying that the nonmoving party has no such evidence.").

### b. State Law Claims

To the extent the Fifth Cause of Action is based on asserted violations of state law, the Marin Defendants have shown the County of Marin is entitled to summary judgment. As the Marin Defendants argue, and plaintiffs have not shown otherwise, no state statute sets forth a duty of care with respect to the supervision, training, and/or discipline of peace officers. See Cal. Gov't Code § 815 ("Except as otherwise provided by statute . . . [a] public entity is not liable for an injury. . . ."); Munoz v. City of Union City, 120 Cal. App. 4th 1077, 1110-15 (2004) (reversing judgment against city for "negligence in the selection, training, retention, supervision and discipline of police officers"; finding no "statutory basis" for asserted duty of care).

**C. San Francisco Defendants' Motion for Summary Judgment**

    **1. First Cause of Action ("Violation of 42 U.S.C. § 1983")**

        **a. Sergeant O'Malley and Sergeant Cox: December 8, 2009 Entry and Detention/Arrest**

To the extent the First Cause of Action is based on a claim of unlawful entry and detention of plaintiffs, the San Francisco Defendants have failed to show Sgts. O'Malley and Cox, based on qualified immunity, are entitled to summary judgment. First, as discussed above, plaintiffs have offered evidence sufficient to support a finding that, contrary to representations made to Danilo, Sgt. O'Malley was aware no warrant existed. Next, the evidence is undisputed that Sgt. Cox was aware no warrant existed, and the San Francisco Defendants have failed to offer evidence to support a finding that Sgt. Cox reasonably but mistakenly believed consent had been obtained prior to his arrival. Cf. Huff, 632 F.3d at 549.[6]

Further, although, as discussed above, Deputy Richardson had probable cause to believe Danilo willfully violated the terms of a restraining order, and the San Francisco Defendants have offered evidence (see Gerchow Decl., filed March 2, 2012, Ex. B at 50), undisputed by plaintiffs, that Deputy Richardson had so advised Sgt. Cox, see Burrell, 464 F.3d at 857 n.2 (holding, where officers are "working in close concert," courts "may consider the collective knowledge of [officers] in considering their beliefs concerning

---

[6] Burrell v. McIlroy, 464 F.3d 853 (9th Cir. 2006), cited by the San Francisco Defendants, is distinguishable on its facts. There, the Ninth Circuit found the defendant officer therein was entitled to qualified immunity, where said officer truthfully advised the resident he was "awaiting a search warrant" for another address, and the resident gave consent to search, apparently having "misunderstood" the officer to have claimed a warrant had been obtained to search her home. See id. at 859 (observing "there is nothing in the record that indicates that [the officer] was aware of [the resident's] misinterpretation"). Also distinguishable are a line of cases, likewise cited by the San Francisco Defendants, holding, where probable cause for a warrant in fact exists, consent to enter can be voluntarily given in response to an officer's statement that if consent is not provided, the officer plans to return later with a warrant. See, e.g., United States v. Kaplan, 895 F.2d 618, 622 (9th Cir. 1990) ("[C]onsent is not likely to be held invalid where an officer tells a defendant that he could obtain a search warrant if the officer had probable cause upon which a warrant could issue."). Here, by contrast, although a warrant could have been obtained based on probable cause, the representation made to Danilo was that such a warrant had already issued.

probable cause or reasonable suspicion"), the San Francisco Defendants have not shown the absence of a triable issue as to the lawfulness of their entry into the residence.

Fourth, and lastly, although the San Francisco Defendants have offered evidence that neither Sergeant O'Malley nor Sergeant Cox ever spoke to Daniel, or otherwise made any attempt to limit his movements, and were unaware that any other San Francisco officer had done so (see Gerchow Decl., filed March 2, 2012, Ex. B at 79, Ex. C at 49),[7] the San Francisco Defendants, as discussed above, have not shown the absence of a triable issue as to the lawfulness of their entry into the residence, nor have they shown plaintiffs lack evidence to establish Daniel has standing to assert a constitutional violation based thereon.

**b. Sergeant O'Malley and Sergeant Cox: Excessive Force**

To the extent the First Cause of Action is based on a claim that Sgts. O'Malley and Cox used excessive force on December 8, 2009, said officers are entitled to summary judgment; plaintiffs concede in their opposition that no force was used by any officer against either Danilo or Daniel on that date. (See Pls.' Opp. at 16:28.)

**2. Second Cause of Action ("Violation of [California] Civil Code § 52.1")**

To the extent the Second Cause of Action is based on a claim that Sgt. O'Malley used "threats, intimidation, or coercion" to obtain entry to the residence, see Cal. Civil Code § 52.1(a), the San Francisco Defendants have failed to show said officer is entitled to summary judgment. As stated above, plaintiffs have offered evidence to support a finding that Sgt. O'Malley, knowing a warrant did not exist, told Danilo a warrant did in fact exist. Further, the San Francisco Defendants have failed to show Sgt. O'Malley is entitled to immunity under California Government Code § 821.6. See Blankenhorn v. City of Orange, 485 F.3d 463, 487-88 (9th Cir. 2007) (holding § 821.6 provides immunity for claims arising from "an investigation into [a suspect's] guilt," but not for claims based on "alleged tortious

---

[7]Although Daniel testified that at least one of the Marin County officers directed him to sit down (see Burris Decl., filed March 16, 2012, Ex. J at 19-20, 41), plaintiffs have not offered evidence from which a trier of fact reasonably could infer that either Sgt. O'Malley or Sgt. Cox was involved in any such action.

11

conduct occurr[ing] during an arrest").

To the extent the Second Cause of Action is based on a claim that Sgt. Cox used threats, intimidation, or coercion to obtain entry, the San Francisco Defendants have shown said officer is entitled to summary judgment. Specifically, Sgt. Cox testified that at the time of his arrival, other San Francisco officers were inside the residence. (See Gerchow Decl., filed March 2, 2012, Ex. B at 68.) Plaintiffs have offered no evidence to the contrary, nor have they offered any evidence to suggest Sgt. Cox was aware of the circumstances under which the other officers entered. Accordingly, even assuming Sgt. Cox's entry into the residence violated the Fourth Amendment, plaintiffs lack evidence to show he used threats, intimidation or coercion in connection therewith. See Jones v. Kmart Corporation, 17 Cal. 4th 329, 334 (1998) (holding § 52.1 requires "an attempted or completed act of interference with a legal right," coupled with evidence such act is "accompanied by a form of coercion").

**3. Third Cause of Action ("Intentional Infliction of Emotional Distress")**

The San Francisco Defendants' assertion that Sgts O'Malley and Cox "acted properly" (see San Francisco Defs.' Mot. at 17:21) is insufficient to show said officers are entitled to summary judgment on the Third Cause of Action. As discussed herein, at least some of plaintiffs' claims remain against each such officer. To the extent the San Francisco Defendants assert, without further elaboration, that plaintiffs "lack evidence" to establish the requisite element of intent (see id. at 17:24) or that Daniel "lacks standing" and "cannot show he suffered any severe emotional distress" (see id. at 19:26-28), they fail, for the reasons discussed above, to meet their initial burden. See Nissan Fire & Marin Ins. Co., 210 F.3d at 1105-06. As further discussed above, § 821.6 inapplicable as a defense. See Blankenhorn, 485 F.3d at 487-88.

**4. Fourth Cause of Action ("Assault and Battery")**

Because plaintiffs state they are not proceeding on their Fourth Cause of Action as alleged against Sgts. O'Malley and Cox (see Pls.' Opp. at 24:10-11), said defendants are entitled to summary judgment thereon.


**5. Fifth Cause of Action ("Breach of Duty to Supervise, Train and Discipline")**

    **a. Federal Claims**

To the extent the Fifth Cause of Action asserts a Monell claim based on excessive force, the San Francisco Defendants have shown the City and County of San Francisco is entitled to summary judgment, because, as discussed above, plaintiffs concede no San Francisco officer used force. See Monell, 436 U.S. at 691.

To the extent the Fifth Cause of Action asserts a Monell claim based on an asserted unlawful entry and detention, the San Francisco Defendants have failed to show the City and County of San Francisco is entitled to summary judgment. Specifically, the San Francisco Defendants have neither offered evidence to demonstrate such claim lacks merit, nor have they established that plaintiffs lack evidence to establish such claim. See Nissan Fire & Marine Ins. Co, 210 F. 3d at 1105-06.

    **b. State Law Claims**

To the extent the Fifth Cause of Action is based on an asserted violation of state law, the City and County of San Francisco is entitled to summary judgment, for the reasons stated above with respect to the County of Marin. See Cal. Gov't Code § 815; Munoz, 120 Cal. App. 4th at 1110-15.[8]

**6. Sixth Cause of Action ("Negligence")**

The San Francisco Defendants have failed to show Sgts. O'Malley and Cox are entitled to summary judgment on the Sixth Cause of Action. As discussed above, § 821.6 is inapplicable as a defense. See Blankenhorn, 485 F.3d at 487-88. The San Francisco Defendants' sole additional argument, that plaintiffs' Fourth Amendment claims fail, is unavailing, for the reason that the San Francisco Defendants have failed to show they are entitled to summary judgment on the issue of unlawful entry.

---

[8] Although the San Francisco Defendants do not cite § 815, the Court's finding that such statute bars plaintiffs' claim against the County of Marin for municipal liability under state law applies equally to the City and County of San Francisco. See Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F. 3d 800, 803 (9th Cir.) (affirming summary judgment in favor of nonmoving defendant where same issues "controll[ed]" determinations as to moving and nonmoving parties), cert. denied, 516 U.S. 864 (1995).

**CONCLUSION**

For the reasons stated above:

1. Plaintiffs' motion for partial summary judgment is hereby DENIED.

2. The Marin Defendants' motion for partial summary judgment is hereby GRANTED in part and DENIED in part, as follows:

    a. To the extent the motion seeks summary judgment on plaintiffs' claim against Deputy Richardson and Deputy Bondanza, alleged in the First Cause of Action, that Danilo was arrested without probable cause on December 7, 2009, the motion is GRANTED.

    b. To the extent the motion seeks summary judgment on plaintiffs' Monell claim against the County of Marin, as alleged in the Fifth Cause of Action and based on Danilo's having been arrested without probable cause on December 7, 2009, the motion is GRANTED.

    c. To the extent the motion seeks summary judgment on plaintiffs' state law claims against the County of Marin as alleged in the Fifth Cause of Action, the motion is GRANTED.

    d. In all other respects, the motion is DENIED.

3. The San Francisco Defendants' motion for summary judgment is hereby GRANTED in part and DENIED in part, as follows:

    a. To the extent the motion seeks summary judgment on plaintiffs' claim against Sgts. O'Malley and Cox, alleged in the First Cause of Action and based on use of excessive force, the motion is GRANTED.

    b. To the extent the motion seeks summary judgment on the Second Cause of Action, as alleged against Sgt. Cox, the motion is GRANTED.

    c. To the extent the motion seeks summary judgment on the Fourth Cause of Action, as alleged against Sgts. O'Malley and Cox, the motion is GRANTED.

    d. To the extent the motion seeks summary judgment on plaintiffs' Monell claim against the City and County of San Francisco, as alleged in the Fifth Cause of Action

and based on use of excessive force, the motion is GRANTED.

    e. To the extent the motion seeks summary judgment on plaintiffs' state law claims against the City and County of San Francisco as alleged in the Fifth Cause of Action, the motion is GRANTED.

    f. In all other respects, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: April 16, 2012

              MAXINE M. CHESNEY
              United States District Judge