IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MARTIN MOLIERI, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>COUNTY OF MARIN, et al.,<br><br>    Defendants. | No. C-10-5430 MMC<br><br>**ORDER AFFORDING PARTIES LEAVE TO FILE SUPPLEMENTAL BRIEFS RE: SAN FRANCISCO DEFENDANTS' MOTION FOR RECONSIDERATION; VACATING JULY 6, 2012 HEARING** |

     By order filed April 16, 2012, in which the Court ruled on the parties' respective motions for summary judgment, the Court found, as to plaintiff's federal claim of unlawful entry, that defendants Sergeant James O'Malley ("Sgt. O'Malley") and Sergeant Raymond Cox ("Sgt. Cox") were not entitled to summary judgment on the basis of qualified immunity. Now before the Court is a motion, filed May 11, 2012 and supplemented June 1, 2012, by defendants City and County of San Francisco, Sgt. O'Malley and Sgt. Cox (collectively, "San Francisco Defendants"), seeking reconsideration of said finding. Plaintiffs Danilo Molieri and Daniel Moliero have filed opposition, to which the San Francisco Defendants have replied.

     Having read and considered the parties' respective written submissions, the Court hereby VACATES the July 6, 2012 hearing and, as discussed below, will afford the parties the opportunity to submit supplemental briefing.

1  In opposing the motion for summary judgment, plaintiffs argued the San Francisco
2  Defendants had failed to show the individual defendants were entitled to qualified immunity,
3  in light of evidence indicating a misrepresentation had been made that a warrant already
4  had been obtained, thereby vitiating any consent to entry.  That issue has been fully briefed
5  by the parties.  Plaintiffs' opposition to the motion for summary judgment, however, also
6  revealed an additional potential ground for denial of qualified immunity, namely, that any
7  such consent was in response to an express or implied demand to enter.  (See Burris
8  Decl., filed March 16, 2012, Ex. A at 265-66, 272, 291-95, Ex. J at 28-29, Ex. K at 13, 15,
9  38.)

10  "[C]ompliance with a police demand is not consent."  United States v. Bautista, 362
11  F.3d 584, 591-92 (9th Cir. 2004) (internal citation and quotation omitted) (holding resident's
12  opening door and not objecting to entry "cannot be deemed consensual" where officer
13  stated, "San Diego police.  Open the door."); see, e.g., Johnson v. United States, 333 U.S.
14  10, 12-13 (1948) (holding officers' entry into residence "was granted in submission to
15  authority" and nonconsensual, where officer knocked and identified himself, and, after door
16  was opened, officer stated, "I want to talk to you a bit"); United States v. Winsor, 846 F.2d
17  1569, 1573 n.3 (9th Cir. 1988) (finding "no consent as a matter of law" where citizen
18  opened door in response to officers' knocking, identifying selves as officers, and
19  "demand[ing] that the occupants open the door").

20  Neither party has addressed the above-cited authority, and, given the manner in
21  which plaintiffs discussed the evidence, the San Francisco Defendants may not have had
22  sufficient notice that the additional issue had been raised.  Under such circumstances, the
23  Court finds it appropriate to afford the parties leave to file supplemental briefing to address
24  said authority, with respect to the question of whether the Court should reconsider its ruling
25  on the issue of qualified immunity.

26  Accordingly, the Court sets the following supplemental briefing schedule:
27  1. No later than July 13, 2012, the San Francisco Defendants shall file their
28  supplemental brief, such brief not to exceed ten pages in length.

    2. No later than July 27, 2012, plaintiffs shall file any supplemental responsive brief, such brief not to exceed ten pages in length.

    3. As of July 27, 2012, unless the parties are otherwise informed, the Court will take the motion for reconsideration under submission.

**IT IS SO ORDERED.**

Dated: June 29, 2012

                                         MAXINE M. CHESNEY  
                                         United States District Judge

3